# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

No. 11-20545
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE REFUGIO PENA VALDEZ, also known as Jose Pena, also known as Joe
Pena, also known as Jose Refugio Pena-Valdez, also known as Jose Refugio
Pena,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-215-1

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Refugio Pena Valdez appeals the sentence imposed following his
guilty plea to illegal reentry. He argues that his within-guidelines sentence was
substantively unreasonable because the district court placed too much weight
on his criminal history, without weighing the mitigating factors of his cultural
assimilation, work history, and family circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the substantive reasonableness of Pena Valdez's sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence imposed within a properly calculated guidelines range is afforded a presumption of reasonableness. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Pena Valdez characterizes his criminal history as being overrepresented because he received a 16-level enhancement and an additional four criminal history points for crimes that occurred 20 years prior, when he was 18-years old. The district court determined, however, that the nature of the crimes committed when Pena Valdez was 18 had not been mitigated by the effect of time given that his criminal history spanned 20 years and included recent convictions for violent offenses. Additionally, the district court rejected Pena Valdez's argument that he returned illegally to the United States to make a better life for his children, observing that he continued to commit crimes upon his reentry to the United States, which behavior was inconsistent with "making a better life."

The district court's decision to place more weight on Pena Valdez's lengthy criminal history than on his cultural assimilation and work history in the United States was not error. *See United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir.), *cert. denied*, 131 S. Ct. 3006 (2011). Moreover, Pena Valdez's mere disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Also, Pena Valdez argues that the presumption of reasonableness should not apply to sentences calculated under U.S.S.G. § 2L1.2 because that Guideline is not empirically based; however, he concedes that this argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009), and he raises it only to preserve its further review.

AFFIRMED.